UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
                                              :
ELVERT S. BRISCOE, JR.,                       :        CASE NO. 1:12-CV-282
                                              :
                Plaintiff,                    :
                                              :
vs.                                           :        OPINION & ORDER
                                              :        [Resolving Doc. No. 1]
PROCTER & GAMBLE,                             :
                                              :
                Defendant.                    :
                                              :
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

     *Pro se* Plaintiff Elvert S. Briscoe filed this products liability action against Procter &

Gamble, an Ohio corporation with its principal place of business in Cincinnati, Ohio.  He contends

federal court jurisdiction is premised on diversity of citizenship.  In the Complaint, Plaintiff alleges

he suffered a topical reaction to antibacterial soap made by the Defendant.  He seeks $100,000.00

in compensatory damages, and unspecified punitive damages.

## I.  Background

     Plaintiff purchased four bars of Safeguard brand antibacterial soap from the Grafton

Correctional Institution commissary on March 8, 2011.  He states he used the soap for two days

without incident.  On the third day of use, he experienced areas of redness, burning and raised

bumps on his skin.  He used the product again one day later and claims he noticed scaring and

scabbing on his inner forearm and thighs.  Plaintiff contends he suffered mental and emotional anguish, physical pain and skin deterioration.  He asserts claims for negligence, strict liability, breach of expressed warranty, breach of implied warranty, and failure to warn.  He seeks unspecified damages for future medical care and compensation for his injuries.

## II.  Legal Standard

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam), the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.  *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997).  A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).  A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007).  A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal* , 129 S.Ct. 1937, 1949 (2009).  The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true. *Bell Atl. Corp.*, 550 U.S. at 555.  Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S.Ct. at 1949.  A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.*  In reviewing a Complaint, the Court must construe the pleading in the light

-2-

most favorable to the Plaintiff.  *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir.1998).

### III.  Analysis

A Plaintiff in federal court has the burden of pleading sufficient facts to support the existence of the court's jurisdiction. Fed.R.Civ.P. 8.   Diversity of citizenship, the basis for jurisdiction in the present case, exists only when no Plaintiff and no Defendant are citizens of the same state, and the amount in controversy exceeds the jurisdictional threshold.  *See Jerome-Duncan, Inc. v. Auto-By-Tel, L.L.C.,* 176 F.3d 904, 907 (6th Cir.1999).  It is incumbent on the Plaintiff to state all parties' citizenships so that the existence of complete diversity can be confirmed and to establish the amount in controversy.  *Chemical Leaman Tank Lines, Inc. v. Aetna Cas. and Sur. Co.*, 177 F.3d 210, 222 n. 13 (3d Cir.1999); *see  Washington v. Sulzer Orthopedics, Inc.*,  No. 03-3350, 2003 WL 22146143, at *1 (6th Cir. Sept. 16, 2003.).

As an initial matter, diversity of citizenship is not complete between the parties.  Plaintiff is an Ohio prisoner serving two concurrent life sentences.  *State v. Briscoe*, No. 83471,  2004 WL 1753144 (Ohio App. 8 Dist. Aug. 5, 2004).  He states in his Complaint that he is a citizen of the State of Ohio.  [ECF No. 1 at 1.]    Procter & Gamble is a corporation.  For purposes of diversity jurisdiction, a corporation is a citizen of any State by which it has been incorporated and of the State where it has its principal place of business.  28 U.S.C. §1332(c)(1).  Plaintiff indicates Procter & Gamble has its principal place of business in Cincinnati, Ohio.  It is also incorporated under the laws of the State of Ohio.[1] Because both the Plaintiff and the Defendant are considered citizens of

---

[1]     *See* www.pg.com.

the State of Ohio, diversity of citizenship cannot be the basis for federal court jurisdiction.

Plaintiff states no other basis for federal jurisdiction in this case. The claims he asserts all arise, if at all, under state tort law. Jurisdiction cannot be premised on a federal question. 28 U.S.C. §1331.

### IV. Conclusion

Accordingly, this action is dismissed pursuant to 28 U.S.C. §1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[2]

IT IS SO ORDERED.


Dated: July 9, 2012                          *s/          James S.a Gwin*
                                             JAMES S. GWIN
                                             UNITED STATES DISTRICT JUDGE

---

[2]     28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.

-4-